1  Benjamin Scott Miner
   8633 La Mesa Blvd # 95
2  La Mesa, CA 91942

3

4                    UNITED STATES DISTRICT COURT
5                  SOUTHERN DISTRICT OF CALIFORNIA

6  BENJAMIN SCOTT MINER,          )
                   Plaintiff,     )
7  v.                             )   Case No.    '15 CV 2764 WQH RBB
                                  )
8  J PIETER SIKKEL,               )
   ALLIANCE ONE RECEIVABLES       )
9  MANAGEMENT INCORPORATED,       )   COMPLAINT
                   Defendan.      )
10 ─────────────────────────────  )

11 **A.**                        JURISDICTION

12     1.    This is an action that alleges that this court has federal

13 question jurisdiction over this action pursuant to 28 U.S.C. § 1332

14 because:

15 a.    The plaintiff is an individual residing in and a citizen of the State

16 of California;

17 b.    The defendant is a corporation organized and existing under the laws

18 of the State of Washington with its principle place of business in Gig

19 Harbor, WA;

20 c.    There is a complete diversity of citizenship between the plaintiff

21 and the defendant.

22 **B.**                        DEFINITIONS

23     2.    The plaintiff, Benjamin Scott Miner is a "consumer" as defined

24 by 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly

25 obligated to pay any debt."

26     3.    The defendant, Alliance One Receivables Management Inc. is a

27 "debt collector" as defined by 15 U.S.C. § 1692a(6), as "any person who uses

1  any instrumentality of interstate commerce or the mails in any business the

2  principle purpose of which is the collection of any debts, or who

3  regularly collects or attempts to collect, directly or indirectly, any

4  debts owed or due or asserted to be owed or due to another."

5  C.                  <u>STATEMENT OF THE CASE</u>

6      4.    On May 25, 2015, The plaintiff obtained a copy of his credit

7  report from Equifax Information Services, Experian Information Solutions,

8  and Trans Union LLC through intermediary www.creditkarma.com which revealed

9  that Alliance One Receivables Management Inc. ("defendant") had placed an

10  entry on the plaintiffs credit report communicating that the plaintiff

11  allegedly had an account in default with the defendant in the amounts of:

12      a.    <u>Creditor:</u> 04 San Diego <u>Amount:</u> $910  <u>Date Opened:</u> 03/26/2014

13      b.    <u>Creditor:</u> 04 San Diego <u>Amount:</u> $920  <u>Date Opened:</u> 02/14/2014

14      c.    <u>Creditor:</u> 04 San Diego <u>Amount:</u> $1,022 <u>Date Opened:</u> 02/14/2014

15      d.    <u>Creditor:</u> 04 San Diego <u>Amount:</u> $1,086 <u>Date Opened:</u> 11/18/2010

16  See **Exhibit A.**

17      5.    The defendant took receipt of the plaintiffs "Notice of

18  Administrative Remedy", which was signed and executed by the plaintiff on

19  June 15, 2015. In that document, the plaintiff requested that the defendant

20  validate the alleged debt pursuant to the Fair Debt Collection Practices

21  Act or also known as "FDCPA", 15 U.S.C. § 1692g(a) and § 1692g(b) through

22  regular mail. See **Exhibit B & C.**

23      6.    On June 15, 2015, The plaintiff sent to Alliance One

24  Receivables Management Inc. a " Debt Disclosure Statement " which asked

25  several questions such as, (1) Name of the Debt Collector, (2) Address

26  of Debt Collector, (12) Did Debt Collector purchase this alleged account

27  from   previous debt collectors?, (15) What are the terms of the transfer

of rights re this alleged account?, (17) If the transfer of rights re this alleged account was by assignment, was there consideration? (33) Does there exist verifiable evidence of an exchange of a benefit or detriment between debt collector and alleged Debtor? (37) Have any charge-offs been made by any creditor or debt collector regarding this alleged account? (38) Have any insurance claims been made by any creditor or debt collector regarding this alleged account? (43) At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract? and finally, (44) At the time the alleged original contract was executed, were all parties apprised that said alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument? See **Exhibit D.**

7.      After multiple attempts to verify assignment of debt, executed contracts, and verifiable evidence, the defendant knowingly continues to try and collect on a debt that the plaintiff said was Unknown, Inaccurate and/or Incomplete.

D.                                    <u>CLAIM ONE</u>

8.      The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act when the defendant reported to Equifax Information Services, Experian Information Solutions, and Trans Union, LLC that the plaintiff is in default with the defendant in the amounts of $910.00, $920.00, $1,022.00 and $1,086.00 through assignment from the original creditor. See **Exhibit A**

9.      Black's Law Dictionary Deluxe Ninth Edition defines "Assignment" as the "Transfer of rights or property". Question 17 of the "Debt Disclosure Statement" asks, "If the transfer of rights re this alleged account was by assignment, was there consideration?". The defendant did

1  never responded to this question. **See Exhibit D.**

2        10.  The "CAVEAT" on page 3, Section 4(b)(I) of the "Notice of

3  Administrative Remedy" says, the " Debt Collector's failure in providing

4  respondent the requisite Verification, Validating the above referenced

5  alleged debt within the requirements of law.......debt collector tacitly

6  agrees that: (1) Debt Collector has no lawful, bona fide, verifiable claim

7  regarding the above referenced account." **See Exhibit C.**

8        11.  Tourgeman v. Collins Fin. Servs 755 F.3d 1119 states the

9  "false representation of the character, amount, or legal status of any

10 debt" is prohibited by the ("FDCPA"). The defendant intended to manipulate

11 the plaintiff by falsely representing the alleged debt even though it

12 was never assigned by the original creditor "04 San Diego".

13       12.  The plaintiff hereby seeks statutory damages in the amount

14 of $1,000.00 for each of the three (3) violations of 15 U.S.C. §

15 1692e(2)(A) made by the defendant.

16 E.                            CLAIM TWO

17       13.  The plaintiff aserts that the defendant violated section

18 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the

19 defendant communicated false information concerning the alleged debts

20 which the plaintiff never owed to the defendant. The defendant

21 communicated to Equifax Information Services, Experian Information

22 Solutions and Trans Union, LLC false information.

23       14.  Question thirty three (33) of the "Debt Disclosure Statement"

24 asks, "Does there exist verifiable evidence of an exchange of a benefit

25 or detriment between debt collector and alleged debtor?" The defendant

26 never respondend to this question. **See Exhibit D.**

27       15.  The "CAVEAT" on page 3, Section 4(b)(II) of the "Notice

1 of Administrative, Remedy" says, The "Debt Collector's failure in providing

2 respondent the requisite Verification, Validating the above referenced

3 alleged debt within the requirements of law......debt collector tacitly

4 agrees that: (II) Debt Collector waives all claims against the respondent.

5 **See Exhibit C.** By not responding to Notice which was mailed to the defendant,

6 The defendant automatically agrees to waives all claims against the

7 plaintiff. By not responding to question thirty three (33) of the "Debt

8 Disclosure Statement", The defendant agrees that there was never

9 verifiable evidence of an exchange of a benifit or detriment between

10 the debt collector and plaintiff. **Exhibit C.**

11     16.    Guerrero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir. U.S.

12 App LEXIS 20072) states " Communicating or threatening to communicate to

13 any persons credit information which is known....to be false." In order

14 to sustain section 1692e(8), Alliance One Receivables Management

15 Incorporated never had " Verifiable evidence of an exchange of a

16 benefit or detriment between debt collector and alleged debtor."

17     17.    The plaintiff hereby seeks statutory damages in the amount of

18 $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(8)

19 made by the defendant.

20 F.                           **CLAIM THREE**

21     18.    The plaintiff asserts that the defendant violated section

22 15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA")

23 when the defendant used false and deceptive means to collect debts from

24 the plaintiff when the original creditor had written off the as a "Zero"

25 balance. By communicating false information, the defendant attempted to

26 gain an advantage of an unsophisticated consumer through false

27     representation. **Exhibit A.**

19.    Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, " A debt collector violates [section 1692e(10)] if it ' use[s].... a false representation or deceptive means to collect or attempt to collect any debts or to obtain information concerning a consumer' ( a debt collectors representation that a debt is owed to it when in fact it is not, amounts to a misrepresentation barred by the "FDCPA".

20.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made by the defendant.

G.                                    CLAIM FOUR

21.    The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collections Practices Act when the defendant communicated  the false representation that the alleged accounts were turned over to Alliance One Receivables Management Incorporated for value to to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

22.    Question nine (9) of the "Debt Disclosure Statement" asks, "Does Debt COllector have a bona fide affidavit  of assignment for entering into alleged original contract between alleged original Creditor and alleged Debtor?" See Exhibit D.

23.    The "CAVEAT" on page 4, Line Item 7 states, "In the event that the debt collector does not respond to this "NOTICE" within the prescribed time limit for response and there has likewise been no request for extension of time with good cause shown therein, then the debt collector agrees that debt  collector has submitted a fraudulent claim against respondent, and respondent can file a law suit for costs,

Page 6 of 10

1 fees, and injuries incurred defending against this fraudulent collection
2 by debt collector regarding the above referenced account." **See Exhibit C.**

3     24.   By not responding nor requesting a reasonable extension,
4 the defendant tacitly agrees that a fraudulent claim against the plaintiff
5 was submitted. The defendant never received valid assignment to pursue
6 or report to the major credit reporting agencies regarding the debts
7 associated with the plaintiff.

8     25.   Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dist. LEXIS
9 152712 (9th Circuit) states, "Section 1692e(12) prohibits the false
10 representation or implication that accounts have been turned over to
11 innocent purchasers for value". When determining whether a misrepresentation
12 in a debt collection has been made, the court must apply the
13 "least sophisticated debtor" standard. The analysis is objective and
14 "Takes into account whether the "Least sophisticated debtor" would
15 likely be misled by a communication." (quoting Donohue v. Quick Collect,
16 Inc., 592 F.3d 1027. 1030 (9th Cir.)) The plaintiff was falsely represented
17 by the defendant of the transfer of debt by the original creditor.

18     26.   The plaintiff hereby seeks statutory damages in the amount
19 of $1,000.00 for each of the three (3) vilations of 15 U.S.C. §
20 1692e(12) made by the defendant.

21 **H.**                                **CLAIM FIVE**

22     27.   The plaintiff asserts that the defendant violated section
23 15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the
24 defendants unconscionable means to attempt to collect alleged debts by
25 reporting to Equifax Information Services, Experian Information Solutions,
26 and Trans Union LLC that Alliance One Receivables Management
27 Incorporated had obtained legal permission documented by a valid assignment

that the plaintiff was now in default with debts owed to the defendant. This was an attempt to force the plaintiff to pay monies allegedly owed to the defendant when in fact, no evidence was ever sent to the plaintiff that he owed the debt.

28.    Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fees, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

29.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C. $ 1692f(1) made by the defendant.

I.                                                    **DAMAGES**

30.    15 U.S.C. § 1692 - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title (15 USCS §§ 1692 et seq.) with respect to any person liable to such person in the amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00

J.                                                **REQUESTED RELIEF**

**CLAIM ONE:**    The violation of 15 U.S.C. § 1692e(2)(A) is $1,000.00

Page 8 of 10

1  for each of the four  (4) alleged debts the defendant falsely reported

2  to Equifax Information Services, Experian Informaton Solutions, and

3  Trans Union, LLC, and $1,000.00 for the false representation

4  of debt reported to all three credit reporting agencies.

5  **TOTAL DAMAGES:**                        + $12,000.00

6  **CLAIM TWO:**   A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is

7  $1,000.00 for each of the four (4) alleged debts the defendant falsely

8  reported to Equifax Information Services, Experian Information Solutions,

9  and Trans Union, LLC, and $1,000.00 for each of the credit reporting

10  agencies the false information was reported to.

11  **TOTAL DAMAGES:**                        + $12,000.00

12  **CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is

13  $1,000.00 for each of the four (4) alleged debts the defendant falsely

14  reported to Equifax Informaon Services, Experian Information Solutions,

15  and Trans Union, LLC, and $1,000.00 for the false communication made by

16  the defendant to the three credit reporting agencies.

17  **TOTAL DAMAGES:**                        + $12,000.00

18  **CLAIM FOUR:**   A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is

19  $1,000.00 for each of the four (4) alleged debts the defendant falsely

20  reported to Equifax Information Services, Experian Information Solutions,

21  and Trans Union, LLC, and $1,000.00 for the false representation made

22  by the defendant regarding the plaintiffs alleged debt reported to the

23  three credit reporitng agencies.

24  **TOTAL DAMAGES:**                        + $12,000.00

25  **CLAIM FIVE:**   A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is

26  $1,000.00 for each of the four (4) alleged debts the defendant falsely

27  reported to Equifax Information Services, Experian Information Solutions,

and Trans Union, LLC, and $1,000.00 for the unconscionable means the defendant used to collect the alleged debts from the plaintiff.

**TOTAL DAMAGES:**                                        + $12,000.00

31.   The total amount of damages requested by the plaintif is $60,350.00.

32.   The $350.00 added is the court cost associated with this section.

I Benjamin S. Miner, hereby declare under penalty of perjury in the State of California, the the information stated above and any attachments to this form is true and correct.

DATED: 08/06/2015                    BY

                                     Benjamin S. Miner

# EXHIBIT

# A

| ALLIANCEONE | 04 SAN DIEGO | Mar 26, 2014 | Open | $910 |

**Account Details**

| | |
|---|---|
| Last Reported | May 18, 2014 |
| Collection Agency | ALLIANCEONE |
| Original Creditor | 04 SAN DIEGO |
| Status | Open |
| Opened Date | Mar 26, 2014 |
| Closed Date | — |
| Responsibility | Individual |
| Balance | $910 |
| High Balance | $910 |
| Remarks | Placed for collection |

**Creditor Contact Details**

ALLIANCEONE REC MGMT SEP
PO BOX 2449
GIG HARBOR, WA
98335
(888) 456-8838

See something wrong?

Learn more about how to dispute items on your credit report.

---

| ALLIANCEONE | 04 SAN DIEGO | Feb 14, 2014 | Open | $920 |

**Account Details**

| | |
|---|---|
| Last Reported | Apr 07, 2014 |
| Collection Agency | ALLIANCEONE |
| Original Creditor | 04 SAN DIEGO |
| Status | Open |
| Opened Date | Feb 14, 2014 |
| Closed Date | — |
| Responsibility | Individual |
| Balance | $920 |
| High Balance | $920 |
| Remarks | Placed for collection |

**Creditor Contact Details**

ALLIANCEONE REC MGMT SEP
PO BOX 2449
GIG HARBOR, WA
98335
(888) 456-8838

See something wrong?

Learn more about how to dispute items on your credit report.

---

| ALLIANCEONE | 04 SAN DIEGO | Feb 14, 2014 | Open | $1,022 |

**Account Details**

| | |
|---|---|
| Last Reported | Apr 07, 2014 |
| Collection Agency | ALLIANCEONE |
| Original Creditor | 04 SAN DIEGO |
| Status | Open |
| Opened Date | Feb 14, 2014 |
| Closed Date | — |
| Responsibility | Individual |
| Balance | $1,022 |
| High Balance | $1,022 |
| Remarks | Placed for collection |

**Creditor Contact Details**

ALLIANCEONE REC MGMT SEP
PO BOX 2449
GIG HARBOR, WA
98335
(888) 456-8838

See something wrong?

Learn more about how to dispute items on your credit report.

| LIENENFORCE | 01 ROADONE | Oct 24, 2011 | Open | $1,670 |
|---|---|---|---|---|

**Account Details**

| | | Creditor Contact Details |
|---|---|---|
| Last Reported | Mar 01, 2014 | LIEN ENFORCEMENT INC. |
| Collection Agency | LIENENFORCE | PO BOX 3000 |
| Original Creditor | 01 ROADONE | SAN JOSE, CA |
| | | 95156 |
| Status | Open | (877) 757-2296 |
| Opened Date | Oct 24, 2011 | See something wrong? |
| Closed Date | – | |
| Responsibility | Individual | Learn more about how to dispute items on your credit report. |
| Balance | $1,670 | |
| High Balance | $1,670 | |
| Remarks | Placed for collection | |

| ALLIANCEONE | 04 SAN DIEGO | Nov 18, 2010 | Open | $986 |
|---|---|---|---|---|

**Account Details**

| | | Creditor Contact Details |
|---|---|---|
| Last Reported | Jan 03, 2011 | ALLIANCEONE REC MGMT SEP |
| Collection Agency | ALLIANCEONE | PO BOX 2449 |
| Original Creditor | 04 SAN DIEGO | GIG HARBOR, WA |
| | | 98335 |
| Status | Open | (888) 456-9838 |
| Opened Date | Nov 18, 2010 | See something wrong? |
| Closed Date | – | |
| Responsibility | Individual | Learn more about how to dispute items on your credit report. |
| Balance | $986 | |
| High Balance | $1,086 | |
| Remarks | Placed for collection | |

## Public Records

 As of May 25, 2015, you have no public records on your credit report.

## How to Read Your Credit Report

Your full credit report is divided into five important sections:

### Personal and Employment Information

This section contains names, addresses and employers included on your credit report. This sort of information is added to your report after it's been used on credit applications. Review this section for any information you don't recognize.

# EXHIBIT

# B

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☒ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery<br>Kylie Craig  6-23-15 |
| 1. Article Addressed to:<br><br>CEO: J. Pieter Sikkel<br>Alliance One Receivables<br>Management, Inc<br>6565 Kimball Drive<br>Gig Harbor, WA. 98335 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☒ No<br><br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7008 1830 0004 5034 5318 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT

# C

NOTICE

DATE: 06/15/2015

Benjamin S. Miner
(Consumer)

**Certified Mail Number**
#
**Social Security Number**
# 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

CEO: J. Pieter Sikkel
Allianceone Recievables Management, INC.
(Debt Collector)

**Alleged Account(s)**
# Allianceone Rec MGMT SEP
4 Accounts Respectively

SUBJECT: Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.

### Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 05/25/2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($)910&$1,022&$920&$695 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within **thirty** days 30

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1.    I am respectfully providing advance notice to your agency of the civil liabilities under TITLE 15 U.S.C. § 1692 for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.    Upon receipt of this NOTICE, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the FAIR DEBT COLLECTION PRACTICES ACT.

3.    If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.
>
> (b) Makes false representation of the character of herein above referenced alleged debt.
>
> (c) Makes false representation of the legal status of the herein above referenced alleged debt.
>
> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the FAIR DEBT COLLECTION PRACTICES ACT.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.    Debt Collector is also hereby given Notice that:

<u>DISCLOSURE STATEMENT ATTACHED</u>

    (a) Debt Collector's unsubstantiated demand for payment. A
        a scheme to be delivered by mail may constitute mail fraud
        under the State and Federal Laws. (Debt Collector may wish
        to consult with a competent legal council before
        originating any further communication with respondent)

    (b) Debt Collector's failure in providing respondent the
        requisite Verification, Validating the above referenced
        alleged debt within the requirements of law as coded in the
        **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
        laws of each state signifies that debt collector tacitly
        agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim
      regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III  Debt Collector tacitly agrees that Debt Collector will
      **compensate** respondent for al cost, fees, and expenses
      incurred in defending against this claim and any continued
      fraudulent collection attempts regarding the above referenced
      alleged account.

5.    This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

PAGE 3 of 5

THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A

COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

CEO: J. Pieter Sikkel
Allianceone Receivables Management Incorporated
  NAME OF COMPANY OR BOND HOLDER

### ***CAVEAT***

7.     In the event that the debt collector does not respond to this

"Notice" within the prescribed time limit for reponlle and there has

likewise been no request for extension of time with good cause shown

therein, then the debt collector agrees that debt collector has

submitted a fraudulent claim against respondent, and reespondent can

file a law suit for costs, fees, and injuries incurred defending

against this fraudulent collection by debt collector regarding the

above referenced account.

PAGE 4 of 5

VERIFICATION AND CERTIFICATION

8.    The undersigned consumer, Benjamin S. Miner_____ does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this 15th day of June 2015.

_____
(Signature of Consumer)


PROOF OF SERVICE

I declare under penalty of perjury under the State of California that I personally mailed a   "Notice for Validation of Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages) to all parties listed below at:

CEO: J. Pieter Sikkel
_Allianceone Receivalbes Management Incorporated

_6565 Kimball Dr.

_Gig Harbor, WA 98335

On this _14th____ day of _June 2015_____, I certify this to be true, correct, and complete.

_____
(Signature of Consumer)


PAGE 5 of 5

# EXHIBIT

# D

Benjamin S. Miner
Federal COrrectional Institute 2
PO BOX 3850
Adelanto, CA 92301

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

**Respondent's Private NOTICE Administrative Remedy Demand No. .** _____

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "*Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition*" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC §1692g, applicable portions of *Truth in Lending* (*Regulation Z*), 12 CFR 226, and demands as cited above in Offer of Performance. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1. Name of Debt Collector: ..........................................................................................................................

2. Address of Debt Collector: .......................................................................................................................

3. Name of alleged Debtor: ...........................................................................................................................

4. Address of alleged Debtor: .......................................................................................................................

5. Alleged Account Number: .........................................................................................................................

6. Alleged debt owed: $.................................................................................................................................

7. Date alleged debt became payable: ..........................................................................................................

8. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

   ...................................................................................................................................................................

9. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor? YES   NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?   YES   NO   N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: ...................................................... Amount $.......................................................................

12. Did Debt Collector purchase this alleged account from a previous debt collector?   YES   NO   N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: ...................................................... Amount $.......................................................................

14. Regarding this alleged account, Debt Collector is currently the:

    (a) Owner; (b) Assignee; (c) Other – explain: ..........................................................................................

    ...................................................................................................................................................................

15. What are the terms of the transfer of rights re this alleged account? ....................................................

    ...................................................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:.........................................................

    ...................................................................................................................................................................

17. If the transfer of rights re this alleged account was by assignment, was there consideration?   YES   NO   N/A

18. What is the nature and cause of the consideration cited in # 17 above? .................................................................................
.................................................................................................................................................................
.................................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above? .....................................................................................
.................................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in # 21 above?.................................................................................
.................................................................................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in # 23 was provided alleged Debtor. ......................................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in # 23 was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ......................................................

29. Was alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in # 29? ...............................................................
.................................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31? ..................................
.................................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?   YES   NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?
.................................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?
.................................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   YES   NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   YES   NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?   YES   NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?   YES   NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?   YES   NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

<u>Declaration</u>: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____
Date

_____
Printed name of Signatory

_____
Official Title of Signatory

_____
Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC §1692 et seq., and which states in relevant part: *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,"* which includes *"the false representation of the character, or legal status of any debt,"* and *"the threat to take any action that cannot legally be taken,"* all of which are violations of law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent. Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.

Respondent's Private Notice Administrative Remedy Demand                    PAGE 3